IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. Case No 2:19-cr-261 TC |
| | : | |
| Plaintiff, | : | ORDER SETTING STATUS |
| | : | CONFERENCE HEARING AND |
| vs. | : | EXCLUDING TIME FROM SPEEDY |
| | : | TRIAL ACT COMPUTATION |
| JOHN AARON FAVRO, | : | |
| | : | Judge Tena Campbell |
| Defendant. | : | Chief Magistrate Judge Paul M. Warner |
| | : | |

The instant matter came before the court for a status conference on November 6, 2019. Mr. Favro appeared with counsel. Michael Gadd appeared for the United States. The Court heard discussion regarding the nature of the case and the extent of discovery, and being now fully advised, the Court hereby enters the following ORDER:

The Court will hold a status conference on January 8, 2020. It is further ORDERED pursuant to 18 U.S.C. § 3161(h)(1)(D) and (7)(A) and (B)(ii) that all time between November 6, 2019, and the status conference shall be excluded from computation of time under the Speedy Trial Act. The Court finds that such time is excluded from computation under the terms of the Speedy Trial Act, and finds further that the ends of justice served by the delay outweigh the best interests of the public and the defendant in a speedy trial.

In reaching this legal conclusion, the court considers the complexity of the case, the number of coconspirators involved, and the volume of discovery. The instant matter relates to

allegations of long-term drug trafficking and money laundering schemes involving several states, five charged co-conspirators (under other case numbers), and additional unindicted co-conspirators. The corresponding evidence in discovery includes more than 55,000 pages of documents, thousands of image files, and approximately 35 hours of audio and video recordings. The defense needs sufficient time to review the material provided by the United States. The United States has timely provided discovery to the discovery coordinator appointed to assist the defense; the discovery coordinator has organized the discovery in a useful, searchable index for the defense and has recently delivered the discovery and the index to counsel for the defendant. Setting a trial within seventy days would preclude effective preparation by the defense.

     Given the complexity of the case, the volume of discovery material, and the number of co-conspirators, and the advantage to the defendant to maintain continuity of counsel, it would be unreasonable to expect adequate trial preparation within the time limits established by the Speedy Trial Act.   Failure to exclude speedy trial time would preclude effective preparation and due diligence on the part of counsel.

     DATED this <u>6th</u> day of November, 2019.

_____
PAUL M. WARNER
United States Chief Magistrate Judge