IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JOHN AARON FAVRO,<br><br>    Defendant. | ORDER AND MEMORANDUM DECISION DENYING MOTION FOR COMPASSIONATE RELEASE<br><br>Case No. 2:19-cr-261-TC<br><br>Judge Tena Campbell |

Prisoner John Aaron Favro moves this court for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) and asks the court to reduce his sentence in the custody of the United States Bureau of Prisons (BOP) to time served (ECF No. 63). On January 12, 2021, Mr. Favro was sentenced to 72 months after pleading guilty to one count of Conspiracy to Distribute Fentanyl in violation of 21 U.S.C. §§ 841(a)(1) & 846 (Judgment, ECF No. 60). To date, he has served approximately 50 months of that sentence. Mr. Favro argues that: 1) his health is seriously threatened due to extended lockdowns and other side effects of the COVID-19 pandemic; 2) he is the sole caretaker for his disabled mother and other family members; and 3) he is ineligible for the Residential Drug Abuse Program (RDAP) and wishes instead to enroll in a drug treatment program upon his release.

Given the record before the court, Mr. Favro has not satisfied his burden to show extraordinary and compelling reasons to release him; in addition, the court finds that the balance

1

of sentencing factors set forth in 18 U.S.C. § 3553(a) does not warrant his release.  Accordingly, his motion is denied.

## LEGAL BACKGROUND

Mr. Favro brings his motion under 18 U.S.C. § 3582, as amended by the First Step Act[1] (often referred to as a motion for compassionate release).  According to the statute, the court "may reduce the term of imprisonment … after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that … extraordinary and compelling reasons warrant such reduction … and that such a reduction is consistent with applicable policy statements issued by the [United States] Sentencing Commission[.]"  18 U.S.C. § 3582(c)(1)(A).  The factors under 18 U.S.C. § 3553(a) include the nature of the crime, the defendant's characteristics and history, the danger to the public, and the sentencing range.

Before Congress passed the First Step Act, only the BOP could bring a compassionate release motion under § 3582(c)(1) requesting that the court reduce a prisoner's sentence.  Now the court may consider the issue either upon a motion from the BOP or "upon motion of the defendant …."  Id. § 3582(c)(1)(A).  The court may only consider a defendant's motion after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier …."  Id.

Once a defendant has satisfied the exhaustion requirement, the court applies a three-step test to determine whether to reduce the sentence and release the defendant.  United States v. McGee, 992 F.3d 1035, 1042-43 (10th Cir. 2021).  In step one, the court determines "whether extraordinary and compelling reasons warrant a sentence reduction."  Id. at 1042 (cleaned up).

---

[1] Pub. L. No. 115-391, 132 Stat. 5194 (2018).

In step two, the court considers "whether such reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id. (cleaned up). Finally, in step three, the court "consider[s] any applicable § 3553(a) factors and determine[s] whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case." Id. (cleaned up). "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." Id. at 1043 (quoting United States v. Elias, 984 F.3d 516, 519 (6th Cir. 2021)).

The statute does not define "extraordinary and compelling reasons" and courts must "determine for themselves" what constitutes such reasons. Id. at 1045. But Congress has also mandated that the Sentencing Commission, "in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t).

The Sentencing Commission's current guidance regarding sentencing reductions under § 3582(c)(1)(A) was promulgated on November 1, 2018, before enactment of the First Step Act. See USSG §1B1.13. This policy statement refers only to motions made by the BOP and the Tenth Circuit has held that the provisions of this statement and its commentary are not "applicable" to motions filed by defendants under 18 U.S.C. § 3582(c)(1)(A)(i). McGee, 992 F.3d at 1050; United States v. Maumau, 993 F.3d 821, 836-37 (10th Cir. 2021). Although the enactment of the First Step Act should have prompted the Commission to revise this policy statement to address defendant-filed motions, until recently the Commission did not have the requisite number of voting members to comply with its statutory duty. See McGee, 992 F.3d at

1050.  Having regained that quorum in 2022, the Commission published proposed amendments to the guidelines on February 2, 2023 (see 88 Fed. Reg. 7,180), and submitted the promulgated amendments to Congress on April 27, 2023.² These amendments specify that they will go into effect on November 1, 2023, unless Congress modifies or disapproves them.  See 28 U.S.C. § 994(p).

Even though the Sentencing Commission's current policy statement relating to BOP-filed motions is not binding on the court (and, indeed, is not applicable to defendant-filed motions), the court may nevertheless look to that guidance when determining whether a defendant's circumstances constitute extraordinary and compelling reasons to justify relief.  United States v. Carr, 851 F. App'x 848, 853 (10th Cir. 2021) (recognizing that a court may have "independent authority" under Maumau to decide that the current policy statement in USSG §1B1.13 provides the "best definition" of what constitutes extraordinary and compelling reasons); United States v. Deucher, 2:16-cr-189-DN, 2021 WL 1264566, at *2 (D. Utah Apr. 6, 2021) (stating that the policy statement, while not binding, provides "helpful considerations").  Similarly, the court finds that the Proposed Amendments offer helpful insight even though they have not yet gone into effect.

Echoing the requirements of section 3582, both the current and proposed policy statements provide that a court may reduce a defendant's term of imprisonment after considering the factors listed in section 3553(a) if the court determines that 1) "extraordinary and compelling reasons warrant the reduction";³ 2) "the defendant is not a danger to the safety of any other

---

² Hereinafter, "Proposed Amendments."  Citations to the Proposed Amendments are to the page numbers of the "Reader-Friendly" PDF available at: https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2023.
³ Absent extraordinary and compelling reasons, the court may also consider sentence reductions for defendants who are at least 70 years old and who have served at least 30 years in prison

person or to the community, as provided in 18 U.S.C. § 3142(g)"; and 3) "the reduction is consistent with this policy statement." USSG §1B1.13; Proposed Amendments at 10. The Proposed Amendments extend the applicability of the current policy statement to defendant-filed motions, see Proposed Amendments at 10; move the description of the permissible bases for a reduction from the commentary to the policy statement itself, see id. 10-13; and expand the list of extraordinary and compelling reasons that can warrant sentence reductions, see id.

Relevant to Mr. Favro's motion, this expanded list includes the following bases for a determination that extraordinary and compelling reasons exist: 1) the medical condition of the defendant; 2) the defendant's family circumstances; and 3) "Other Reasons." Id.

Under current guidance, the "medical condition" category applies where the defendant is "suffering from a serious physical or medical condition" or "suffering from a serious functional or cognitive impairment … that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG §1B1.13, comment. (n.1(A)(ii)). The Proposed Amendments add two provisions that are relevant here. First, extraordinary and compelling reasons exist where "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." Proposed Amendments at 11. Second, such reasons exist where the defendant presents the following circumstances:

(i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
(ii) due to personal health risk factors and custodial status, the defendant is at

---

pursuant to a sentence imposed under 18 U.S.C. § 3559(c). See USSG §1B1.13(1)(B). This provision is not applicable to Mr. Favro, who is 28. (See PSR at 2, ECF No. 49.)

                increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

    (iii)    such risk cannot be adequately mitigated in a timely manner.

Id.

Under current guidance, "Family Circumstances" consist of "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children[,]" or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." USSG §1B1.13 comment. (n.1(C)). The Proposed Amendments expand this list by adding, among other provisions, "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." Proposed Amendments at 12.

The "Other Reasons" catch-all provision[4] currently reads: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." USSG §1B1.13 comment. (n.1(D)). The Proposed Amendments would change that provision to read: "The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." Proposed Amendments at 13.

---

[4] The existence of a catch-all provision with only general criteria to guide its application means that, regardless of whether the court follows the language of the policy statement or simply looks to the statute, the analysis of the "extraordinary and compelling reasons" prong is essentially the same as the analysis of whether a reduction is consistent with any applicable policy statements. See McGee, 992 F.3d at 1045 (holding that courts have "the authority to determine for themselves what constitutes 'extraordinary and compelling reasons,'" but also noting that "this authority is effectively circumscribed by the second part of the statutory test, i.e., the requirement that a district court find that a reduction is consistent with applicable policy statements").

6

## ANALYSIS

Mr. Favro bears the burden to establish that he is eligible for a sentence reduction. United States v. Walker, No. 06-cr-320-LTB, 2020 WL 5100250, at *1 (D. Colo. Aug. 21, 2020). For the reasons set forth below, the court finds that Mr. Favro has not established an extraordinary and compelling reason for his early release. Even if he did make such a showing, the court's balancing of the factors listed in section 3553(a) weighs in favor of his continued incarceration.

### A. Exhaustion of Administrative Remedies

Mr. Favro claims that on January 20, 2023, he submitted a request for release to the Warden of FCI Herlong where he is housed, and, as of the date he filed his motion—February 27, 2023—he had not received a response. (See Def.'s Mot. Compassionate Release at 2, ECF No. 63.) Mr. Favro did not attach any evidence of this document but, for the purposes of this motion, the court relies on the statement by Mr. Favro's counsel that Mr. Favro did make this request before he was moved to FCI Victorville. (See Suppl. to Def.'s Mot. ¶ 2, ECF No. 67.) Because more than thirty days have passed without response from the BOP, Mr. Favro has satisfied the exhaustion requirement.

### B. Extraordinary and Compelling Reasons

The court now considers whether Mr. Favro's medical circumstances, family circumstances, or lack of access to drug treatment programs rise to the level of extraordinary and compelling reasons that would justify release.

#### 1. Medical Circumstances

Mr. Favro asserts that he has "had to suffer numerous hardships related to COVID-19, including extended lockdowns and quarantines, limited or zero contact with family and loved

ones, restricted programming and recreation, and blatant neglect for my health and well-being by staff and the BOP …." (Mot. at 1 (edited for clarity).) While both the current and proposed Sentencing Commission policy statements recognize that certain medical conditions may present extraordinary and compelling reasons, Mr. Favro's assertions do not rise to this level.

To begin, the court finds that the existence of the pandemic is not by itself an extraordinary and compelling reason for release. United States v. Medina, No. 2:15-cr-352-TC, 2021 WL 1986834, at *2 (D. Utah May 18, 2021). Instead, under the current policy statement, a defendant must demonstrate that he or she is "suffering from a serious physical or medical condition" or "suffering from a serious functional or cognitive impairment … that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG §1B1.13, comment. (n.1(A)(ii)).

In his motion, Mr. Favro has not cited any medical condition besides his struggles with drug addiction,[5] and the court finds that addiction, at least on this record, is not the kind of impairment that substantially diminishes the ability of a defendant to provide self-care within the prison setting. Moreover, Mr. Favro's medical records do not indicate that he has been unable to provide self-care. (See Pl.'s Opp'n, Ex. B, ECF No. 70-2.)

Mr. Favro similarly fails to provide evidence of any medical conditions that would fulfill the requirements of the proposed updates to the policy statement. He has not alleged that he is

---

[5] In his BOP medical records, Mr. Favro has reported suffering from anxiety and depression, for which he received treatment. (See Pl.'s Opp'n, Ex. B at 56, 58, 65, 71, ECF No. 70-2.) But "[t]he mere presence of treatable mental health issues that do not impact a defendant's incarceration, and for which the defendant is receiving care, do not represent extraordinary and compelling reasons justifying release." United States v. Wilson, No. 18-cr-366-PAB, 2021 WL 2290784, at *3 (D. Colo. June 3, 2021).

"suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." Proposed Amendments at 11. And although COVID-19 is a serious concern, Mr. Favro has not shown that he is "at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease" or that such risk cannot be adequately mitigated in a timely manner. Id.

Although regrettable, the court agrees with the United States that there is "nothing extraordinary or compelling about the fact that Favro—like virtually everyone incarcerated during the Covid-19 pandemic—experienced lockdowns, quarantines, and restrictions on his programming and recreation." (Pl.'s Opp'n at 11, ECF No. 69.) Accordingly, the court finds that Mr. Favro has not alleged any medical conditions that rise to the level of extraordinary and compelling reasons for release.

2. **Family Circumstances**

Mr. Favro argues that, if he were released, he could become the caretaker for his mother, who is physically disabled and suffers from multiple mental health disorders, including depression, schizophrenia, bipolar disorder, and post-traumatic stress disorder. (Mot. at 1.) Under the current guidance, the unavailability of other caregivers for an elderly or disabled parent does not rise to the level of an extraordinary and compelling reason to grant compassionate release. See, e.g., United States v. Patton, No. 16-40113-01-DDC, 2022 WL 2134197, at *6 (D. Kan. June 14, 2022) (declining to extend the Sentencing Commission's definition of "family circumstances" to include "caring for a parent"). But the proposed guidance expands the list of qualifying family circumstances to include "[t]he incapacitation of

9

the defendant's parent when the defendant would be the only available caregiver for the parent." Proposed Amendments at 12.

Even adopting the proposed guidance, however, the court finds that Mr. Favro has not established that he would be able to provide care for his mother upon release, or that he is her sole available caregiver. His mother has been placed in a residential treatment program (Suppl. ¶ 2). Accordingly, Mr. Favro would be unable to care for her even if he were released. Moreover, Mr. Favro's release plan includes his own transfer to an inpatient treatment program (see Mot. at 2), a laudable objective but one that renders doubtful his ability to be his mother's caretaker. Finally, the court agrees with the United States that Mr. Favro has not made any showing that his maternal half-brother—who was in in frequent contact with Mr. Favro at the time of sentencing (see PSR ¶ 50)—is unavailable to provide care for his mother.

Mr. Favro presents evidence of additional family hardships this year: the deaths of his uncle (Mot. at 1) and grandmother (Suppl. ¶ 2). But "[t]his sad news renders moot any claim for compassionate release" that Mr. Favro may have had based on his claim that he was the sole available caretaker for other members of family. United States v. Coley, No. 7:96-cr-30013, 2023 WL 2873398, at *4 n.3 (W.D. Va. Apr.10, 2023).

Accordingly, the court finds that Mr. Favro has not presented extraordinary and compelling reasons for release due to his family circumstances.

3. **Other Reasons**

Finally, the court considers whether Mr. Favro presents "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4) [i.e., medical circumstances, family

10

circumstances, and two reasons not applicable to Mr. Favro], are similar in gravity to those described in paragraphs (1) through (4)." Proposed Amendments at 13.

Mr. Favro maintains that he has been unable to receive effective treatment for his drug addiction due to COVID-19 restrictions and because he no longer has enough time remaining in prison to qualify for the Residential Drug Abuse Program. (Mot. at 1-2.) He proposes instead release to an inpatient treatment program and suggests that he may soon be eligible for placement in a residential reentry center. The court is hopeful that Mr. Favro will be successful in these programs but finds that his inability to address his addiction while incarcerated is not a reason for immediate release. See, e.g., United States v. Sanford, No. 1:03-cr-53-JAW, 2021 WL 4345349, at *4, *8 (finding that the defendant's inability to "solve[] his problems with addiction" in custody was not an extraordinary and compelling reason to grant compassionate release). (See also Pl.'s Opp'n at 10 n.6 (collecting cases).)

The court therefore finds that Mr. Favro has not presented extraordinary and compelling reasons to grant his motion.

## C. Balancing of 3553(a) Factors

Even if Mr. Favro had shown extraordinary and compelling circumstances, the court finds that a balancing of the factors in 18 U.S.C. § 3553(a) does not warrant a reduction in sentence. Those factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed –
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with the needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

      (3) the kinds of sentences available;
      (4) the kinds of sentence and the sentencing range established … in the guidelines …;
      (5) any pertinent policy statement … issued by the Sentencing Commission …;
      (6) the need to avoid unwarranted sentence disparities among defendant with similar records who have been found guilty of similar conduct; and
      (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a)(1)-(7).

Mr. Favro pled guilty to a serious crime. He admitted to distributing over 4,000 fake oxycodone pills laced with fentanyl. (PSR ¶ 18.) One of Mr. Favro's customers, M.K.K., died after taking those pills, at which point Mr. Favro called M.K.K.'s parents to demand $400 that he claimed M.K.K. owed him. (Id.)

Based on the total offense level of the crime to which Mr. Favro pled guilty and his significant criminal history, Mr. Favro's guideline imprisonment range was 151 to 188 months. (Id. ¶ 64.) Mr. Favro received a sentence of 72 months, a sentence far below the guideline range, because "during the COVID-19 pandemic, the USAO [United States Attorney's Office] is authorizing below-guideline resolutions for cases like this one that did not require the United States to engage in significant pre-trial litigation." (Id. ¶ 65.)

Given the substantial variance from the guideline range that Mr. Favro has already received, the court finds that any further reduction in his sentence would be insufficient to reflect the seriousness of his offense, to provide just punishment, to afford adequate deterrence, and to protect the public.

## ORDER

For the foregoing reasons, Mr. Favro's Motion for Compassionate Release (ECF No. 63) is DENIED.

SO ORDERED this 12th day of September, 2023.

BY THE COURT:

_____
Tena Campbell
United States District Judge

13